ABS/JN:AJE
F. #2021R00469

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

FLORENCE MUI,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - X

INFORMATION

Cr. No. 21-314 (RJD)
(T. 18, U.S.C., §§ 982(a)(7), 982(b)(1),
371 and 3551 et seq.; T. 21, U.S.C.,
§ 853(p))

THE UNITED STATES CHARGES:

### INTRODUCTION

At all times relevant to this Information, unless otherwise indicated:

I.    Background

    A.    The Medicare and Medicaid Programs

        1.    The Medicare program ("Medicare") was a federal health care program providing benefits to persons who were at least 65 years old or disabled. Medicare was administered by the Centers for Medicare and Medicaid Services ("CMS"), a federal agency under the United States Department of Health and Human Services. Individuals who received benefits under Medicare were referred to as Medicare "beneficiaries."

        2.    Medicare was divided into multiple parts. Medicare Part D provided prescription drug coverage to persons who were eligible for Medicare.

        3.    The New York State Medicaid program ("Medicaid") was a federal and state health care program providing benefits to individuals and families who met specified financial and other eligibility requirements, and certain other individuals who lacked adequate

resources to pay for medical care. CMS was responsible for overseeing the Medicaid program in participating states, including New York. Individuals who received benefits under Medicaid were similarly referred to as Medicaid "beneficiaries."

4. In New York State, the Medicaid program provided coverage to its beneficiaries for prescription drugs. Medicaid beneficiaries could obtain their prescription drug benefits from pharmacies either through "fee-for-service" enrollment or through Medicaid Managed Care plans, which were administered by private insurance companies that were paid by Medicaid.

5. As part of their insurance benefits, some Medicare and Medicaid beneficiaries received a certain amount of credit per month that could be spent on eligible over-the-counter ("OTC") non-prescription items such as analgesics, diabetes supplies, antihistamines, weight management supplies, sleep aids, vitamins, toothpaste, durable medical equipment and other items. The monthly OTC credit was pre-loaded onto debit cards known as "over-the-counter cards" or "OTC Cards," which were issued to beneficiaries by the plan sponsors. Any funds that were not used by the end of the month were forfeited, and the OTC Cards were reloaded each month with refreshed funds. Pharmacies generally dispensed OTC benefits to beneficiaries by swiping the OTC Cards, like debit cards, through an electronic payment system.

6. Medicare and Medicaid each qualified as a "health care benefit program," as defined by Title 18, United States Code, Section 24(b), and a "Federal health care program," as defined by Title 42, United States Code, Section 1320a-7b(f).

B. The Defendant and Relevant Entities

7. The defendant FLORENCE MUI was a pharmacist who was licensed by the State of New York and resided in Valley Stream, New York.

8. Pharmacy 1 and Pharmacy 2, companies the identities of which are known to the United States (together, the "Scheme Pharmacies"), were pharmacies located in Brooklyn, New York. Pharmacy 1 was registered as a pharmacy establishment with the State of New York since approximately September 2008, and Pharmacy 2 was so registered since approximately March 2016. The defendant FLORENCE MUI was the supervising pharmacist of Pharmacy 1 between approximately December 2012 and November 2020, and she periodically worked at Pharmacy 2 as a pharmacist.

9. Co-Conspirator 1, an individual whose identity is known to the United States, was a licensed pharmacist and a co-owner of the Scheme Pharmacies.

10. Company-1, an entity the identity of which is known to the United States, was a supermarket located near the Scheme Pharmacies in Brooklyn, New York.

II. The Kickback Scheme

11. In or about and between approximately December 2012 and October 2020, the defendant FLORENCE MUI, together with others, including Co-Conspirator 1, agreed to offer and pay illegal heath care kickbacks.

12. In particular, the defendant FLORENCE MUI, together with others, agreed to offer and pay kickbacks and bribes to Medicare and Medicaid beneficiaries in exchange for the ability to bill those beneficiaries' insurance plans for dispensing prescription drugs. These kickbacks and bribes included, among other things, cash and so-called "coupons," which were gift certificates to local supermarkets.

13. In furtherance of the scheme, the defendant FLORENCE MUI, along with other employees of the Scheme Pharmacies, explained to beneficiaries that they could receive gift certificates to local supermarkets if they filled prescriptions covered by their insurance at the Scheme Pharmacies. Employees of the Scheme Pharmacies frequently purchased gift

certificates by writing checks drawn on the Scheme Pharmacies' bank accounts and made payable to local supermarkets, including Company-1. In addition, employees of the Scheme Pharmacies also provided cash bribes and kickbacks to beneficiaries in exchange for swiping a beneficiary's OTC Card, even though no actual OTC item or product was provided to the beneficiary.

## CONSPIRACY TO OFFER AND PAY HEALTH CARE KICKBACKS

14. The allegations contained in paragraphs one through 13 are realleged and incorporated as if fully set forth in this paragraph.

15. In or about and between December 2012 and October 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant FLORENCE MUI, together with others, did knowingly and willfully conspire to offer and pay kickbacks, directly and indirectly, overtly and covertly, in cash and in kind, to persons to induce such persons to purchase, lease, order, and to arrange for and recommend purchasing, leasing and ordering services and items for which payment may have been made in whole and in part under Medicare and Medicaid, contrary to Title 42, United States Code, Section 1320a-7b(b)(2)(B).

16. In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendant FLORENCE MUI, together with others, committed and caused the commission of, among others, at least one of the following:

## OVERT ACTS

(a) On or about February 10, 2020, MUI and Co-Conspirator 1 exchanged text messages in which they discussed, in substance and in part, cataloging the supermarket gift certificates at Pharmacy 1.

(b) On or about April 8, 2020, MUI and Co-Conspirator 1 exchanged text messages in which MUI informed Co-Conspirator 1, in substance and in part, that Pharmacy 1 was so busy that they ran out of gift certificates for Company-1.

(c) On or about August 1, 2020, a check was written on a bank account held in the name of Pharmacy 1 and made payable to Company-1 in the amount of $8,000 bearing the memo note "coupon."

(d) On or about August 2, 2020, a check was written on a bank account held in the name of Pharmacy 1 and made payable to Company-1 in the amount of $6,000 bearing the memo note "coupon."

(e) On or about August 3, 2020, a check was written on a bank account held in the name of Pharmacy 1 and made payable to Company-1 in the amount of $7,000 bearing the memo note "coupon."

(f) On or about August 4, 2020, a check was written on a bank account held in the name of Pharmacy 1 and made payable to Company-1 in the amount of $9,000 bearing the memo note "coupon."

(g) On or about September 1, 2020, a check was written on a bank account held in the name of Pharmacy 2 and made payable to Company-1 in the amount of $5,000 bearing the memo note "coupon."

(h) On or about September 2, 2020, a check was written on a bank account held in the name of Pharmacy 2 and made payable to Company-1 in the amount of $8,000 bearing the memo note "coupon."

(i) On or about September 5, 2020, a check was written on a bank account held in the name of Pharmacy 2 and made payable to Company-1 in the amount of $7,000 bearing the memo note "coupon."

(j) On or about September 14, 2020, a check was written on a bank account held in the name of Pharmacy 2 and made payable to Company-1 in the amount of $7,000 bearing the memo note "coupon."

(k) On or about September 21, 2020, a check was written on a bank account held in the name of Pharmacy 2 and made payable to Company-1 in the amount of $3,000 bearing the memo note "coupon."

(Title 18, United States Code, Sections 371 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION

17. The United States hereby gives notice to the defendant that, upon her conviction of the offense charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(7), which requires any person convicted of a federal health care offense to forfeit property, real or personal, that constitutes, or is derived directly or indirectly from, gross proceeds traceable to the commission of such offense.

18. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(7) and 982(b)(1); Title 21, United States Code, Section 853(p))

_____
JACQUELYN M. KASULIS
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

_____ / AJE
JOSEPH S. BEEMSTERBOER
ACTING CHIEF, FRAUD SECTION
CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE