FR:BGK
F. #2021R00469

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – –X

UNITED STATES OF AMERICA

      - against -

FLORENCE MUI,

          Defendant.

– – – – – – – – – – – – – – – –X

ORDER OF FORFEITURE

21-CR-0314 (RJD)

      WHEREAS, on or about July 15, 2021, Florence Mui (the "defendant"),
entered a plea of guilty to the offense charged in Count One of the above-captioned
Information, charging a violation of 18 U.S.C. § 371; and

      WHEREAS, pursuant to 18 U.S.C. §§ 982(a)(7) and 982(b)(1), the defendant
has consented to the entry of a forfeiture money judgment in the amount of twenty-two
thousand five hundred twenty-nine dollars and zero cents ($22,529.00) (the "Forfeiture
Money Judgment"), as property, real or personal, that constitutes, or is derived directly or
indirectly from, gross proceeds traceable to the defendant's violation of 18 U.S.C. § 371,
and/or substitute assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C.
§ 982(b)(1).

      IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by
and between the United States and the defendant as follows:

1.      The defendant shall forfeit to the United States the full amount of the

Forfeiture Money Judgment, pursuant 18 U.S.C. §§ 982(a)(7) and 982(b)(1), and 21 U.S.C.

§ 853(p).

2.      All payments made towards the Forfeiture Money Judgment shall be

made by a money order, or certified and/or official bank check, payable to U.S. Marshals

Service with the criminal docket number noted on the face of the instrument.  The defendant

shall cause said payment(s) to be sent by overnight mail delivery to Assistant United States

Attorney Brendan G. King, United States Attorney's Office, Eastern District of New York,

271-A Cadman Plaza East, Brooklyn, New York 11201.  The Forfeiture Money Judgment

shall be paid in full 30 days in advance of sentencing (the "Due Date").

3.      If the defendant fails to pay any portion of the Forfeiture Money

Judgment on or before the Due Date, the defendant shall forfeit any other property of hers up

to the value of the outstanding balance, pursuant to 21 U.S.C. § 853(p), and further agrees

that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met.

4.      Upon entry of this Order of Forfeiture ("Order"), the United States

Attorney General or his designee is authorized to conduct any proper discovery in

accordance with Fed. R. Crim. P. 32.2(b)(3) and (c).  The United States alone shall hold title

to the monies paid by the defendant to satisfy the Forfeiture Money Judgment following the

Court's entry of the judgment of conviction.

5.      The defendant shall fully assist the government in effectuating the

payment of the Forfeiture Money Judgment, by among other things, executing any

documents necessary to effectuate any transfer of title to the United States.  The defendant

shall not file a claim or petition seeking remission or contesting the forfeiture of any property

*United States v. Florence Mui,* 21-CR-0314 (RJD)
Order of Forfeiture                                                                          Page 2

against which the government seeks to satisfy the Forfeiture Money Judgment in any administrative or judicial (civil or criminal) proceeding. The defendant shall not assist any person or entity to file a claim or petition seeking remission or contesting the forfeiture of any property against which the government seeks to satisfy the Forfeiture Money Judgment in any administrative or judicial (civil or criminal) forfeiture proceeding.

6. The defendant knowingly and voluntarily waives her right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information. In addition, the defendant knowingly and voluntarily waives her right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the *Ex Post Facto* clause of the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

7. The entry and payment of the Forfeiture Money Judgment is not to be considered a payment of a fine, penalty, restitution loss amount or a payment of any income taxes that may be due, and shall survive bankruptcy.

8. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Order shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment of conviction. This Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the monies and/or properties paid toward the Forfeiture Money Judgment shall be forfeited to the United States for disposition in accordance with the law.

9.      This Order shall be binding upon the defendant and the successors,

administrators, heirs, assigns and transferees of the defendant, and shall survive the

bankruptcy of any of them.

10.     This Order shall be final and binding only upon the Court's "so

ordering" of the Order.

11.     The Court shall retain jurisdiction over this action to enforce

compliance with the terms of this Order and to amend it as necessary, pursuant to Fed. R.

Crim. P. 32.2(e).

12.     The Clerk of the Court is directed to send, by inter-office mail, three (3)

certified copies of this executed Order to the United States Attorney's Office, Eastern

District of New York, Attn: Melissa Thorpe, WITS Solutions Paralegal, 271-A Cadman

Plaza East, Brooklyn, New York 11201.

Dated:   Brooklyn, New York
_____, 2022

SO ORDERED:

s/RJD

_____
HONORABLE RAYMOND J. DEARIE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK