USM-285 is a 5-part form. Fill out the form and print 5 copies. Sign as needed and route as specified below.

**U.S. Department of Justice**
**United States Marshals Service**

# PROCESS RECEIPT AND RETURN
*See "Instructions for Service of Process by U.S. Marshal"*

| | |
|---|---|
| PLAINTIFF<br>United States of America | COURT CASE NUMBER<br>CR-21-0314 |
| DEFENDANT<br>Florence Mui | TYPE OF PROCESS<br>Order of Forfeiture |

**SERVE AT**

NAME OF INDIVIDUAL, COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
United States Marshals Service

ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)
225 Cadman Plaza, Brooklyn, New York 11201

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW

BREON PEACE, United States Attorney
Eastern District of New York
271 Cadman Plaza East, 7th Floor
Brooklyn, New York 11201
Attn: Samuel Williams, Records Examiner

Number of process to be served with this Form 285:
Number of parties to be served in this case:
Check for service on U.S.A.

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):

Please create a CATS ID number for the FMJ in the Order of forfeiture dated 1/20/2022

22-HHS-XXXXXX

Signature of Attorney other Originator requesting service on behalf of: ☒ PLAINTIFF ☐ DEFENDANT
TELEPHONE NUMBER: 718-254-6006
DATE: 1/25/22

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY – DO NOT WRITE BELOW THIS LINE**

I acknowledge receipt for the total number of process indicated. (Sign only for USM 285 if more than one USM 285 is submitted)
Total Process:
District of Origin No. 3
District to Serve No. 3
Signature of Authorized USMS Deputy or Clerk
Date: 1/25/22

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☒ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the on the individual, company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above (See remarks below)

Name and title of individual served (if not shown above)
☐ A person of suitable age and discretion then residing in defendant's usual place of abode

Address (complete only different than shown above)
Date: FEB 2 2022
Time: ☐ am ☐ pm
Signature of U.S. Marshal or Deputy

| Service Fee | Total Mileage Charges including *endeavors* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund) |
|---|---|---|---|---|---|
| 65 | | | 65 | | $0.00 |

REMARKS: AIN 22-HHS-000010

PRINT 5 COPIES:
1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED

DJ3=2021-CR-003141

Form USM-285
Rev. 12/80

FR:BGK
F. #2021R00469

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

FLORENCE MUI,

              Defendant.

- - - - - - - - - - - - - - - - -X

ORDER OF FORFEITURE

21-CR-0314 (RJD)

      WHEREAS, on or about July 15, 2021, Florence Mui (the "defendant"), entered a plea of guilty to the offense charged in Count One of the above-captioned Information, charging a violation of 18 U.S.C. § 371; and

      WHEREAS, pursuant to 18 U.S.C. §§ 982(a)(7) and 982(b)(1), the defendant has consented to the entry of a forfeiture money judgment in the amount of twenty-two thousand five hundred twenty-nine dollars and zero cents ($22,529.00) (the "Forfeiture Money Judgment"), as property, real or personal, that constitutes, or is derived directly or indirectly from, gross proceeds traceable to the defendant's violation of 18 U.S.C. § 371, and/or substitute assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

      IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1. The defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment, pursuant 18 U.S.C. §§ 982(a)(7) and 982(b)(1), and 21 U.S.C. § 853(p).

2. All payments made towards the Forfeiture Money Judgment shall be made by a money order, or certified and/or official bank check, payable to U.S. Marshals Service with the criminal docket number noted on the face of the instrument. The defendant shall cause said payment(s) to be sent by overnight mail delivery to Assistant United States Attorney Brendan G. King, United States Attorney's Office, Eastern District of New York, 271-A Cadman Plaza East, Brooklyn, New York 11201. The Forfeiture Money Judgment shall be paid in full 30 days in advance of sentencing (the "Due Date").

3. If the defendant fails to pay any portion of the Forfeiture Money Judgment on or before the Due Date, the defendant shall forfeit any other property of hers up to the value of the outstanding balance, pursuant to 21 U.S.C. § 853(p), and further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met.

4. Upon entry of this Order of Forfeiture ("Order"), the United States Attorney General or his designee is authorized to conduct any proper discovery in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c). The United States alone shall hold title to the monies paid by the defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction.

5. The defendant shall fully assist the government in effectuating the payment of the Forfeiture Money Judgment, by among other things, executing any documents necessary to effectuate any transfer of title to the United States. The defendant shall not file a claim or petition seeking remission or contesting the forfeiture of any property

against which the government seeks to satisfy the Forfeiture Money Judgment in any administrative or judicial (civil or criminal) proceeding. The defendant shall not assist any person or entity to file a claim or petition seeking remission or contesting the forfeiture of any property against which the government seeks to satisfy the Forfeiture Money Judgment in any administrative or judicial (civil or criminal) forfeiture proceeding.

6.   The defendant knowingly and voluntarily waives her right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information. In addition, the defendant knowingly and voluntarily waives her right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the *Ex Post Facto* clause of the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

7.   The entry and payment of the Forfeiture Money Judgment is not to be considered a payment of a fine, penalty, restitution loss amount or a payment of any income taxes that may be due, and shall survive bankruptcy.

8.   Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Order shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment of conviction. This Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the monies and/or properties paid toward the Forfeiture Money Judgment shall be forfeited to the United States for disposition in accordance with the law.

9. This Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

10. This Order shall be final and binding only upon the Court's "so ordering" of the Order.

11. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

12. The Clerk of the Court is directed to send, by inter-office mail, three (3) certified copies of this executed Order to the United States Attorney's Office, Eastern District of New York, Attn: Melissa Thorpe, WITS Solutions Paralegal, 271-A Cadman Plaza East, Brooklyn, New York 11201.

Dated: Brooklyn, New York
       1/19, 2022

SO ORDERED:

s/RJD
_____
HONORABLE RAYMOND J. DEARIE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK


Case 1:21-cr-00314-RJD Document 7 Filed 07/15/21 Page 1 of 7 PageID #: 14

ABS/JN:AJE
F. #2021R00469

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

FLORENCE MUI,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

INFORMATION

Cr. No. 21-314 (RJD)
(T. 18, U.S.C., §§ 982(a)(7), 982(b)(1), 371 and 3551 et seq.; T. 21, U.S.C., § 853(p))

THE UNITED STATES CHARGES:

### INTRODUCTION

At all times relevant to this Information, unless otherwise indicated:

I.   Background

    A.   The Medicare and Medicaid Programs

        1.   The Medicare program ("Medicare") was a federal health care program providing benefits to persons who were at least 65 years old or disabled. Medicare was administered by the Centers for Medicare and Medicaid Services ("CMS"), a federal agency under the United States Department of Health and Human Services. Individuals who received benefits under Medicare were referred to as Medicare "beneficiaries."

        2.   Medicare was divided into multiple parts. Medicare Part D provided prescription drug coverage to persons who were eligible for Medicare.

        3.   The New York State Medicaid program ("Medicaid") was a federal and state health care program providing benefits to individuals and families who met specified financial and other eligibility requirements, and certain other individuals who lacked adequate

resources to pay for medical care. CMS was responsible for overseeing the Medicaid program in participating states, including New York. Individuals who received benefits under Medicaid were similarly referred to as Medicaid "beneficiaries."

4. In New York State, the Medicaid program provided coverage to its beneficiaries for prescription drugs. Medicaid beneficiaries could obtain their prescription drug benefits from pharmacies either through "fee-for-service" enrollment or through Medicaid Managed Care plans, which were administered by private insurance companies that were paid by Medicaid.

5. As part of their insurance benefits, some Medicare and Medicaid beneficiaries received a certain amount of credit per month that could be spent on eligible over-the-counter ("OTC") non-prescription items such as analgesics, diabetes supplies, antihistamines, weight management supplies, sleep aids, vitamins, toothpaste, durable medical equipment and other items. The monthly OTC credit was pre-loaded onto debit cards known as "over-the-counter cards" or "OTC Cards," which were issued to beneficiaries by the plan sponsors. Any funds that were not used by the end of the month were forfeited, and the OTC Cards were reloaded each month with refreshed funds. Pharmacies generally dispensed OTC benefits to beneficiaries by swiping the OTC Cards, like debit cards, through an electronic payment system.

6. Medicare and Medicaid each qualified as a "health care benefit program," as defined by Title 18, United States Code, Section 24(b), and a "Federal health care program," as defined by Title 42, United States Code, Section 1320a-7b(f).

B. The Defendant and Relevant Entities

7. The defendant FLORENCE MUI was a pharmacist who was licensed by the State of New York and resided in Valley Stream, New York.

3

8.  Pharmacy 1 and Pharmacy 2, companies the identities of which are known to the United States (together, the "Scheme Pharmacies"), were pharmacies located in Brooklyn, New York. Pharmacy 1 was registered as a pharmacy establishment with the State of New York since approximately September 2008, and Pharmacy 2 was so registered since approximately March 2016. The defendant FLORENCE MUI was the supervising pharmacist of Pharmacy 1 between approximately December 2012 and November 2020, and she periodically worked at Pharmacy 2 as a pharmacist.

9.  Co-Conspirator 1, an individual whose identity is known to the United States, was a licensed pharmacist and a co-owner of the Scheme Pharmacies.

10. Company-1, an entity the identity of which is known to the United States, was a supermarket located near the Scheme Pharmacies in Brooklyn, New York.

II. The Kickback Scheme

11. In or about and between approximately December 2012 and October 2020, the defendant FLORENCE MUI, together with others, including Co-Conspirator 1, agreed to offer and pay illegal heath care kickbacks.

12. In particular, the defendant FLORENCE MUI, together with others, agreed to offer and pay kickbacks and bribes to Medicare and Medicaid beneficiaries in exchange for the ability to bill those beneficiaries' insurance plans for dispensing prescription drugs. These kickbacks and bribes included, among other things, cash and so-called "coupons," which were gift certificates to local supermarkets.

13. In furtherance of the scheme, the defendant FLORENCE MUI, along with other employees of the Scheme Pharmacies, explained to beneficiaries that they could receive gift certificates to local supermarkets if they filled prescriptions covered by their insurance at the Scheme Pharmacies. Employees of the Scheme Pharmacies frequently purchased gift

Case 1:21-cr-00314-HG   Document 20   Filed 02/03/22   Page 9 of 12 PageID #: 86
Case 1:21-cr-00314-RJD   Document 7   Filed 07/15/21   Page 4 of 7 PageID #: 17

4

certificates by writing checks drawn on the Scheme Pharmacies' bank accounts and made payable to local supermarkets, including Company-1. In addition, employees of the Scheme Pharmacies also provided cash bribes and kickbacks to beneficiaries in exchange for swiping a beneficiary's OTC Card, even though no actual OTC item or product was provided to the beneficiary.

## CONSPIRACY TO OFFER AND PAY HEALTH CARE KICKBACKS

14.   The allegations contained in paragraphs one through 13 are realleged and incorporated as if fully set forth in this paragraph.

15.   In or about and between December 2012 and October 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant FLORENCE MUI, together with others, did knowingly and willfully conspire to offer and pay kickbacks, directly and indirectly, overtly and covertly, in cash and in kind, to persons to induce such persons to purchase, lease, order, and to arrange for and recommend purchasing, leasing and ordering services and items for which payment may have been made in whole and in part under Medicare and Medicaid, contrary to Title 42, United States Code, Section 1320a-7b(b)(2)(B).

16.   In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendant FLORENCE MUI, together with others, committed and caused the commission of, among others, at least one of the following:

## OVERT ACTS

(a)   On or about February 10, 2020, MUI and Co-Conspirator 1 exchanged text messages in which they discussed, in substance and in part, cataloging the supermarket gift certificates at Pharmacy 1.

(b)   On or about April 8, 2020, MUI and Co-Conspirator 1 exchanged text messages in which MUI informed Co-Conspirator 1, in substance and in part, that Pharmacy 1 was so busy that they ran out of gift certificates for Company-1.

(c)   On or about August 1, 2020, a check was written on a bank account held in the name of Pharmacy 1 and made payable to Company-1 in the amount of $8,000 bearing the memo note "coupon."

(d)   On or about August 2, 2020, a check was written on a bank account held in the name of Pharmacy 1 and made payable to Company-1 in the amount of $6,000 bearing the memo note "coupon."

(e)   On or about August 3, 2020, a check was written on a bank account held in the name of Pharmacy 1 and made payable to Company-1 in the amount of $7,000 bearing the memo note "coupon."

(f)   On or about August 4, 2020, a check was written on a bank account held in the name of Pharmacy 1 and made payable to Company-1 in the amount of $9,000 bearing the memo note "coupon."

(g)   On or about September 1, 2020, a check was written on a bank account held in the name of Pharmacy 2 and made payable to Company-1 in the amount of $5,000 bearing the memo note "coupon."

(h)   On or about September 2, 2020, a check was written on a bank account held in the name of Pharmacy 2 and made payable to Company-1 in the amount of $8,000 bearing the memo note "coupon."

5

Case 1:21-cr-00314-HG   Document 20   Filed 02/03/22   Page 11 of 12 PageID #: 88
Case 1:21-cr-00314-RJD   Document 7   Filed 07/15/21   Page 6 of 7 PageID #: 19

6

(i) On or about September 5, 2020, a check was written on a bank account held in the name of Pharmacy 2 and made payable to Company-1 in the amount of $7,000 bearing the memo note "coupon."

(j) On or about September 14, 2020, a check was written on a bank account held in the name of Pharmacy 2 and made payable to Company-1 in the amount of $7,000 bearing the memo note "coupon."

(k) On or about September 21, 2020, a check was written on a bank account held in the name of Pharmacy 2 and made payable to Company-1 in the amount of $3,000 bearing the memo note "coupon."

(Title 18, United States Code, Sections 371 and 3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATION

17. The United States hereby gives notice to the defendant that, upon her conviction of the offense charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(7), which requires any person convicted of a federal health care offense to forfeit property, real or personal, that constitutes, or is derived directly or indirectly from, gross proceeds traceable to the commission of such offense.

18. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

Case 1:21-cr-00314-HG   Document 20   Filed 02/03/22   Page 12 of 12 PageID #: 89
Case 1:21-cr-00314-RJD   Document 7   Filed 07/15/21   Page 7 of 7 PageID #: 20

7

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(7) and 982(b)(1); Title 21, United States Code, Section 853(p))

JACQUELYN M. KASULIS
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

/AJE
JOSEPH S. BEEMSTERBOER
ACTING CHIEF, FRAUD SECTION
CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE